**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF
ILLINOIS EASTERN DIVISION**

BRANDON SNOW, TRUSTEE OF THE )
TEAMSTERS LOCAL 786 BUILDING )
MATERIAL, CHAUFFEURS, TEAMSTERS AND )
NO.: HELPERS WELFARE FUND AND )
TEAMSTERS LOCAL 786 )
LUMBER EMPLOYEES RETIREMENT FUND, )
                                   )
              *Plaintiffs,* )     Case No. 1:25-cv-07305
                                     )
    v. )
                                       )
R WAY TRUCKING, INC., )
an Illinois corporation, )
                                     )
            *Defendant.* )

**DEFENDANT'S ANSWER TO PLAINTIFFS' AMENDED COMPLAINT**

Defendant, R WAY TRUCKING, INC., by and through its attorneys, Allocco, Miller & Cahill, P.C., Answers Plaintiffs,' Complaint as follows:

1.      Jurisdiction and venue are based upon sections 502(a), (e), and (f) of the Employee Retirement Income Security Act of 1974, as amended ("ERISA"), 29 U.S.C. §§ 1132(a), (e), and (f), as more fully appears herein.

**ANSWER**: Defendant admits the allegations in Paragraph 1.

2.      The Welfare Fund and Lumber Funds are multi-employer employee benefit plans within the meaning of Sections 3(3) and (37) of ERISA, 29 U.S.C. §§ 1002(3) and (37), and maintains their principal place of operation at 300 South Ashland Avenue, Chicago, Illinois.

**ANSWER**: Defendant admits the allegations in Paragraph 2.

1

3. Plaintiff Snow is a Trustee of the Welfare Fund and Trustee of the Lumber Fund; is a fiduciary within the meaning of Section 3(21) of ERISA, 29 U.S.C. §1002(21); and has been authorized by the Trustees of the Welfare Fund and the Lumber Fund to bring this action on behalf of the Funds.

**ANSWER**: Defendant admits the allegations in Paragraph 3.

4. R Way Trucking, Inc., ("Employer") is an Illinois corporation which maintains its principal place of business within this judicial district and is an employer within the meaning of Section 3(5) of ERISA, 29 U.S.C. §1002(5).

**ANSWER**: Defendant admits the allegations in Paragraph 4.

5. Teamster Local 786 Building Material Chauffeurs, Teamsters and Helpers Welfare Fund is an employee organization within the meaning of Section 3(4) of ERISA, 29 U.S.C. §1002(4).

**ANSWER**: Defendant admits the allegations in Paragraph 5.

6. Teamsters Local 786 Lumber Employees Retirement Fund is an employee organization within the meaning of Section 3(4) of ERISA, 29 U.S.C. §1002(4).

**ANSWER**: Defendant admits the allegations in Paragraph 6.

7. Pursuant to Article 7(1)(c) of a Collective Bargaining Agreement effective June 1, 2023, through May 31, 2027 (the "Agreement"), Employer, the Welfare Fund, and the Lumber Fund are parties and bound to said Agreement. A copy of the Agreement is attached hereto as **Exhibit A**.

**ANSWER**: Defendant admits the allegations in Paragraph 7.

8.      Pursuant Article 7(1)(c) Employer agreed that is was bound and is a party to the Trust Agreement creating the Health and Welfare Fund and the Lumber Retirement Pension Fund, and all prior and subsequent amendments thereto, as if it had signed the original copy of each of the said Trust Agreements.

**ANSWER**: Defendant admits the allegations in Paragraph 8.

## COUNT I

9.      Pursuant to Article 25 of the Agreement, Employer is required to provide records necessary to ascertain that appropriate contributions to the Welfare Fund and Lumber Fund are being collected correctly and being paid in full.

**ANSWER**: Defendant admits the allegations in Paragraph 9.

10.      A letter was sent to Employer on May 1, 2024, requesting Employer to produce records necessary for an audit. A copy of the May 1, 2024; letter is attached hereto as **Exhibit B**. The Employer did not provide the requested documents. Employer was again asked to provide specific documents in a letter dated March 25, 2025. A copy of the March 25, 2025, letter is attached hereto as **Exhibit C**. On April 11, 2025 Plaintiff's counsel sent another letter to Employer giving a final written request from the Funds seeking compliance with Agreement. A copy of the April 11, 2025, letter is attached hereto as **Exhibit D**.

**ANSWER**:  Defendant denies that it did not produce the requested documents and admits the remaining allegations in Paragraph 10.

11.      Notwithstanding the above obligation, the Employer has failed and refused to provide the requested records for review as required under Article 25 of the Agreement.

**ANSWER**:  Defendant denies the allegations in Paragraph 11.

## COUNT II

12.     Plaintiff realleges and incorporates paragraphs 1 through 11 as if fully restated herein.

**ANSWER**:  Defendant restates its answers to Paragraphs 1-11.

13.     Pursuant to Article 7 of the Agreement, R WAY TRUCKING, INC. is required to make timely contributions to the Funds on behalf of the employees represented by Local 786 and to provide records necessary to ascertain the appropriate contributions have been made to the Welfare Fund.

**ANSWER**:  Defendant admits the allegations in Paragraph 13.

14.     Notwithstanding the above obligations, R WAY TRUCKING, INC. has failed to timely remit contributions and is currently delinquent in an amount of $67,888.74 to the Local 786 Welfare Fund thereby depriving the Funds of contributions and income and jeopardizing the benefits of participants and beneficiaries, in violation of Sec. 515 of ERISA, 29 U.S.C. 1145.

**ANSWER**:  Defendant denies it is currently delinquent in the amount of $67,888.74 to the Local 786 Welfare Fund and admits the remaining allegations in Paragraph 14.

15.     Pursuant to ERISA Section 502(g)(2), 29 U.S.C. 1132(g), the Employer is indebted to the Health and Welfare Fund for contributions, as well as penalties, attorney's fees, costs, and interest as provided by law and the provisions of the Agreement.

**ANSWER**:  Defendant admits the allegations in Paragraph 15.

4

16.     Pursuant to an audit performed on March 20, 2026, and attached hereto as **Exhibit E**, R WAY TRUCKING, INC. owes $67,888.74 to the Local 786 Welfare Fund.

**ANSWER**:  Defendant admits the audit attached as Exhibit E was performed on March 20, 2026, and denies the remaining allegations in Paragraph 16.

17.     Pursuant to Article 8 of the Agreement, R WAY TRUCKING, INC. is required to make timely contributions to the Lumber Funds on behalf of the employees represented by Local 786 and to provide records necessary to ascertain the appropriate contributions have been made to the Lumber Fund.

**ANSWER**:  Defendant admits the allegations in Paragraph 17.

18.     Notwithstanding the above obligations, the Employer has failed to timely remit contributions and is currently delinquent in an amount of $48,778.08 to the Local 786 Lumber Fund thereby depriving the Funds of contributions and income and jeopardizing the benefits of participants and beneficiaries, and violating Sec. 515 of ERISA, 29 U.S.C. 1145.

**ANSWER**:  Defendant denies it is currently delinquent in the amount of $48,778.08 to the Local 786 Lumber Fund, and admits the remaining allegations in Paragraph 18.

19.     Pursuant to ERISA Section 502(g)(2), 29 U.S.C. 1132(g), the Employer is indebted to the Lumber Fund for contributions, as well as penalties, attorney's fees, costs, and interest as provided by law and the provisions of the Agreement.

**ANSWER**:  Defendant admits the allegations in Paragraph 19.

20.     Pursuant to an audit performed on March 20, 2026, and attached hereto as **Exhibit F**, R WAY TRUCKING, INC. owes $48,778.08 to the Local 786 Lumber Fund.

**ANSWER**:  Defendant admits the audit attached as Exhibit F was performed on March 20, 2026, and denies the remaining allegations in Paragraph 20.

Dated: June 30, 2026

Respectfully submitted,

**R WAY TRUCKING, INC.,**

By: /s/ Todd A. Miller
Attorney for Defendant

Todd A. Miller (ARDC #6216561)
Kathleen M. Cahill (ARDC #6269486)
**Allocco, Miller, & Cahill P.C.**
*Attorney for Defendant*
20 North Wacker Drive, Suite 3517
Chicago, IL 60606
Telephone: (312) 675-4325
Fax: (312) 675-4326
tam@alloccomiller.com

6

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on today's date, **June 30, 2026,** he electronically filed the attached, **Defendant's Answer to Plaintiffs' Amended Complaint**, with the Clerk of the Court using the CM/ECF system which will send notice of such filings to the following:

Attorneys for Plaintiffs:

Vincent D. Pinelli
vpinellie@bbp-chicago.com
Colin M. Chenoweth
cchenoweth@bbp-chicago.com
BURKE BURNS & PINELLI, LTD.
70 West Madison Street
Suite 4300
Chicago, Illinois 60602
(312) 541-8600
Firm ID: 29282

/s/ Todd A. Miller

Attorneys for Defendant:

Todd A. Miller (ARDC #6216561)
Kathleen M. Cahill (ARDC #6269486)
**Allocco, Miller, & Cahill P.C.**
*Attorney for Defendant*
20 North Wacker Drive, Suite 3517
Chicago, IL 60606
Telephone: (312) 675-4325
Fax: (312) 675-4326
tam@alloccomiller.com

7